# Joseph W. Shannon, Receiver of the Coöperative Real Estate Company, *v.* Harry W. Stevenson, Appellant.

*Corporations—Subscription to stock—Contribution of property and services—Act of April 29, 1874.*

Corporations in Pennsylvania have not only inherent power, but also statutory authority under the act of April 29, 1874, section 17, P. L. 81, to make a contract to purchase property or labor and pay for it in stock instead of money.

In an action against an original subscriber to the stock of a corporation to recover an unpaid balance of an alleged cash subscription, it is proper to permit the defendant to offer evidence to show that the corporation had agreed that if defendant would leave a position which he held, and

become president of the company, the corporation would give him full paid stock of the company to the amount claimed in the suit.

The proviso in section 17 of the act of April 29, 1874, P. L. 81, that no stock shall be issued "except for money, labor done, or money or property actually received" does not prevent payment for labor or services bona fide to be thereafter rendered.

Argued Jan. 9, 1896. Appeal, No. 395, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1893, No. 359, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a stock subscription.

At the trial it appeared that the suit was brought upon a subscription for twenty shares of the capital stock of the Cooperative Real Estate Company, at $50.00 per share. In the application for the charter, defendant appeared as subscribing for twenty shares.

Defendant offered to prove that at the time he became president of the corporation plaintiff he was employed at the Commonwealth Title Company of Philadelphia; that the plaintiff made an offer to him that if he would leave his position which he was then occupying, and become president of their company, the plaintiff would give him full paid-up stock of the company to the value of $1,000; that, relying upon this offer, the defendant did leave his position and became president of the corporation plaintiff.

Offer overruled by the court. Exception for defendant.

Verdict and judgment for plaintiff for $1,096.50. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*John G. Johnson, DeForrest Ballou* with him, for appellant.—We submit that the court ought not to have permitted a recovery by the corporation of the amount of $1,000 of a subscription without compensating for the nonperformance of its contract to deliver a like number of shares of full paid stock. In any aspect of the case, what was offered amounted to proof either

of payment of the subscription or of a set-off to the extent thereof.

*Irving E. Zie̊gler*, for appellee.—This offer clearly shows that no labor had been performed by the defendant before the stock was given him, and hence, even if the contention of the defendant were true, viz, that the stock was given to him full paid, this act on the part of the corporation would not be authorized by the statute which is invoked by the counsel for the appellant, because, under their offer, the labor could not have been performed before the stock was given, and secondly, the stock sued upon was original stock and not increased stock : Angier v. Eaton, Cole & Burnham Co., 11 W. N. C. 146 ; Eister v. Paul, 54 Pa. 196 ; Maynard v. Lumberman's National Bank, 20 W. N. C. 272 ; McCracken v. Roberts, 19 Pa. 390.

A case cannot be sent to the jury on a mere scintilla of evidence.

OPINION BY MR. JUSTICE MITCHELL, February 3, 1896 :

The offer of evidence by defendant should have been admitted.     The suit was for the unpaid balance of a cash subscription to stock, and the offer was to show that no subscription in cash was made by defendant, but on the contrary that paid-up stock was to be given him in compensation for services.     There is no inherent incapacity of a corporation to purchase property or labor and pay for it by stock instead of money.     If the corporation here had paid defendant $1,000 in cash to leave his former situation and undertake its presidency, on condition that he invest the money in its stock, there could be no question of the validity of the transaction, yet it would in substance have been exactly the same.

But in addition to its inherent powers to make such contract, the corporation has express statutory recognition of its authority in sec. 17 of the act of April 29, 1874, P. L. 81.     The proviso that no stock shall be issued " except for money, labor done, or money or property actually received " does not prevent payment for labor or services bona fide to be thereafter rendered, any more than it prevents contracts to pay in advance for property to be furnished.     A corporation in process of for-

mation and not yet in actual operation may have no other mode of getting the necessary equipment to commence business.

Whether the defendant can prove the contract set up, and whether if he does so he is estopped from asserting it against creditors of the corporation, by his joining in the certificate of subscription, are questions not before us.    The case has not yet reached that stage.

Judgment reversed and venire de novo awarded.