WHITEWATER TILE & PRESSED BRICK MANUFACTURING COMPANY, Appellant, vs. JOHNSON, Respondent.

*December 2, 1919—March 9, 1920.*

*Corporations: Sale of stock at less than par value: Fraudulent issue: Intent: Accounting by promoter: Equity: Measure of damages.*

1. An action by a corporation against one who was its promoter, secretary, and treasurer, for an accounting and to recover the value of stock fraudulently issued without consideration, is one in which fraud in a fiduciary relation is alleged, and equity will take jurisdiction.
2. The issue of stock at less than par value, or with an understanding that it is not to be paid for, is contrary to sec. 1753, Stats.; and, when such facts appear, the issue is fraudulent in law irrespective of the intent.
3. The measure of damages in an action against a promoter of the plaintiff corporation for the issuance of stock to himself at less than par value is the difference between what he paid for the stock and the par value thereof, plus interest thereon from the date when the stock was issued to him.

APPEAL from a judgment of the county court of Walworth county: JAY F. LYON, Judge. *Reversed.*

Suit in equity for an accounting between plaintiff and defendant, who was a promoter and secretary and treasurer of the plaintiff corporation, and for the recovery of the value of stock claimed to have been fraudulently issued to defendant without consideration.

The trial judge filed an opinion but no specific findings of fact as required by statute. In the opinion certain facts are found to exist, among others that the defendant herein subscribed and paid for $4,000 in stock; that stock to the par value of $6,400 was issued to him; that one Gillen, the vice-president and manager of the corporation, and a stockholder, had property in the nature of machinery which he considered worth $8,000, but which he put into the corporation at a value of $4,000; that stock to the par value of $6,400 was issued to him for the property put in. *Johnson* paid $4,000 and no more for the stock issued to him. It likewise appears that Kestol and Baker subscribed and paid $1,000 each, but that stock of the par value of $1,600 each was issued to them. A Miss Hurlbut subscribed and paid for $500, but stock to the par value of $800 was issued to her. In each case stock of the par value of sixty per cent. in excess of that subscribed and paid for was issued to each stockholder on or about May 26, 1903, in all $6,300 in excess of what was paid. The trial judge found there was no fraud in the transaction, presumably because he thought the Gillen property may have been worth more than $4,000, at which it was put in, and because the corporation was not a going concern, had no business, and its stock, in his opinion, would not have sold at par, though at least some of the stockholders sold their stock at par or better. Judgment went for the defendant, and plaintiff appealed.

For the appellant there were briefs by *F. Henry Kiser* of Whitewater and *Page & Ferris* of Elkhorn, attorneys, and

*Kopp & Brunckhorst* of Platteville, of counsel, and oral argument by *L. A. Brunckhorst.*

*E. T. Cass* of Whitewater, for the respondent.

The following opinion was filed January 13, 1920:

VINJE, J. The claim that plaintiff cannot maintain an action in equity for an accounting is not well taken. Where fraud in a fiduciary relation is alleged, as it is here, equity will take jurisdiction. 1 Ruling Case Law, 224; 1 Corp. Jur. p. 623, § 70, par. 9.

The issue of stock at less than its par value, or with an understanding that part of it is not to be paid for, is contrary to the provisions of sec. 1753, Stats. 1898, and when such facts appear then the issue is fraudulent in law irrespective of the intent. The trial court therefore erred in drawing the conclusion from the facts found that there was no fraud, so far as each individual issue was concerned. Its finding, however, must be taken as negativing any conspiracy being entered into between the stockholders receiving an over-issue for the purpose of defrauding the corporation. We cannot say that such finding has no support in the evidence. That being so, only an individual and not a joint liability results.

Under the facts found and under the rule laid down in *Whitewater T & P. B. M. Co. v. Baker,* 142 Wis. 420, 125 N. W. 984, the court should have entered judgment against the defendant for the difference between the par value of the stock issued to him and the amount he paid therefor, to wit, the sum of $2,400, together with interest thereon at six per cent. per annum from May 26, 1903, when the stock was issued to him, and costs.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment as indicated in the opinion.

The respondents moved for a rehearing.

In support of the motion there was a brief by *E. T. Cass*

of Whitewater and *F. K. Shuttleworth* of Madison, attorneys for the respondents.

In opposition thereto there was a brief by *F. Henry Kiser* of Whitewater and *Page & Ferris* of Elkhorn, attorneys, and *Kopp & Brunckhorst* of Platteville, of counsel.

The motion was denied, with $25 costs, on March 9, 1920.

For the appellant there were briefs by *F. Henry Kiser* of Whitewater and *Page & Ferris* of Elkhorn, attorneys, and *Kopp & Brunckhorst* of Platteville, of counsel, and oral argument by *L. A. Brunckhorst.*

*E. T. Cass* of Whitewater, for the respondent.

