STATE, Plaintiff, vs. EISBACH, Defendant.

*March 6—March 31, 1953.*

For the plaintiff there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Platz.*

For the defendant there was a brief and oral argument by *Francis H. Reiske* of Milwaukee.

MARTIN, J. Sec. 189.07, Stats., provides:

"Subject to section 189.11, the following transactions may be consummated without registration of the security under section 189.13:

"(1) (a) The sale by a domestic corporation of its securities if the aggregate number of holders of all its securities, after the securities to be issued are sold, does not exceed 15, . . ."

Sec. 189.19 (2), Stats., provides:

"Every director, officer, agent, or employee of any issuer and every dealer, agent, or other person shall be punished by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding $5,000, or by both, who shall directly or indirectly

"(a) Authorize, direct, aid in, or consent to the issue or sale of, or issue, execute, sell, or offer for sale, or cause or assist in causing to be issued, executed, sold, or offered for sale any security contrary to the provisions of this chapter. . . ."

These statutes are part of ch. 189, Stats., the Wisconsin Securities Law, the purpose of which is to protect the public by preventing the sale of worthless and fraudulent securities. *Klatt v. Columbia Casualty Co.* (1933), 213 Wis. 12, 250 N. W. 825; *State v. Rogers* (1937), 226 Wis. 39,

275 N. W. 910. The several sections must therefore be considered in the light of that fundamental purpose.

There is no question that the securities sold by defendant in excess of the authorized amount are invalid. Defendant contends that the holders of certificates representing such stock are not holders of "securities" as defined in sec. 189.02 (1), Stats. The definitions there set forth include "any stock, treasury stock, bond, note, debenture, or evidence of indebtedness; . . . and . . . any instrument commonly known as a security." Although this section does not state that it contemplates both valid and invalid securities, it is clear that it would defeat the purpose of the law to hold that it applies only to legally issued stock.

Defendant relies heavily upon *First Avenue Land Co. v. Parker* (1901), 111 Wis. 1, 86 N. W. 604, where the court said that overissued stock represents nothing, is wholly valueless and void, and the certificates so much wastepaper. It is because such stock gives to the innocent purchaser none of the stockholders' rights that he believes he is acquiring, that ch. 189, Stats., was enacted—to prevent just such a fraud as the defendant perpetrated upon the complainants in this case.

In holding that such purchasers are "holders" of securities for the purposes of sec. 189.07 (1) (a), Stats., we are not conferring upon them any rights of ownership in the corporation contrary to the *First Avenue Land Co. Case, supra,* and other similar cases. The statutes involved in this case deal exclusively with the subject of offering and selling securities. Defendant sold stock which he impliedly represented to be legally issued, and delivered to the complainants certificates in a form approved by the corporation and bearing its seal. Their validity is immaterial.

It is not necessary to go into the second question in any detail, but we may say that defendant cannot argue that the stock was void because he had illegally issued it, and thus

take advantage of his own wrongful act. See *Whitewater T. & P. B. Mfg. Co. v. Baker* (1910), 142 Wis. 420, 125 N. W. 984.

*By the Court.*—The questions are answered "Yes."